**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

DUSTIN DUWAYNE WILLIFORD,

      Plaintiff,

          v.                              CAUSE NO. 3:26-CV-531-TLS-JEM

CARPENTER, BRADY THOMAS, and Z.
SHIFFLET,

      Defendants.

**OPINION AND ORDER**

Dustin Duwayne Williford, a prisoner without a lawyer, filed a complaint suing three defendants for something that happened on November 19, 2025, at the DeKalb County Jail, but he does not say what happened or otherwise explain why he is suing them. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). Nevertheless, under 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Williford does not say why he is suing the defendants. A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the

speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010).

This complaint does not state a claim for which relief can be granted. If Williford believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form[1] which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the Court after he properly completes the form.

For these reasons, the Court:

(1) GRANTS Dustin Duwayne Williford until **May 27, 2026**, to file an amended complaint; and

---

[1] Under Northern District of Indiana Local Rule 7-6, the Court requires he use that form. He may not use another form. He may not write his own form even if he follows the pattern of the Court's form. If he is unable to get a copy of the form from his law library, he can write to the clerk and ask for one.

(2) CAUTIONS Dustin Duwayne Williford if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

So ORDERED on April 29, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT